Roger W. Bailey
CARLSON BOYD & BAILEY PLLC
230 S.2nd St., Suite 202
Yakima, WA 98901

Phone:      (509) 834-6611
Facsimile:  (509) 834-6610
E-Mail:     rbailey@cbblawfirm.com

Edwin K. Sato
BUCKNELL STEHLIK SATO & STUBNER, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121

Phone:      (206) 587-0144
Facsimile:  (206) 587-0277
E-Mail:     esato@bsss-law.com

Attorneys for Aer-Ex, Inc.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In Re:

Michael Stougard, a married man
filing individually,

    Debtor.

NO. 06-02463-11

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING CONFIRMATION
OF CHAPTER 11 PLAN

In Re:

Aer-Ex, Inc., a Washington
Corporation,

    Debtor

NO. 06-02458-11

FINDINGS OF FACT &
CONCLUSIONS OF LAW — 1 —

CARLSON BOYD & BAILEY PLLC
230 S.2ND ST., SUITE 202 · P.O. BOX 189
YAKIMA, WASHINGTON 98907
PHONE (509) 834-6611

06-02458-FLK11    Doc 172    Filed 06/08/07    Entered 06/11/07 10:47:15    Pg 1 of 6

THIS MATTER came on for hearing on May 31, 2007 for confirmation of the Debtor's Chapter 11 Plan of Reorganization filed herein on February 26, 2007. The Honorable Frank L. Kurtz presided at the hearing. The Debtors appeared through Michael Stougard, individually and as president of Aer-Ex, Inc. Aer-Ex was represented by Edwin K. Sato. Michael Stougard was represented by Roger W. Bailey. Also appearing at the hearing were the United States Trustee through her attorney Gary W. Dyer, the Internal Revenue Service through its attorney Rolf Tangvald and Dan Morgan and Debbie Whalen through her counsel Metiner Kimel. The Court, after hearing the testimony of Mr. Stougard and Aer-Ex, reviewing the Declaration of Michael Stougard, reviewing the pleadings filed herein, including the proposed order confirming the plan, hearing the argument of counsel and being advised that all objecting creditors have agreed to confirmation of the Debtor's Plan (as modified by the order confirming plan), hereby makes the following:

## FINDINGS OF FACT

1. Debtor's filed their petitions for relief under Chapter 11 on October 2, 2006.

2. The Debtor's Disclosure Statement was conditionally approved by order dated February 8, 2007. The Disclosure Statement contains adequate information to allow creditors and parties in interest to make an informed judgment about the Plan.

3. The Debtors' plan was filed with the Court on February 26, 2007. The plan is modified by the terms of the order confirming the plan dated May 31, 2007. The plan modifications contained in the confirmation order do not materially impact the treatment of any class of creditors except the Internal Revenue Service, which has consented to the terms contained in the confirmation order. The plan and order confirming the plan are collectively referred to herein as the "Plan."

FINDINGS OF FACT &
CONCLUSIONS OF LAW - 2 -

CARLSON BOYD & BAILEY PLLC
230 S.2ND ST., SUITE 202 - P.O. BOX 189
YAKIMA, WASHINGTON 98907
PHONE (509) 834-6611

06-02458-FLK11    Doc 172    Filed 06/08/07    Entered 06/11/07 10:47:15    Pg 2 of 6

4. On February 27, 2007, the Debtors caused to be mailed the following documents to all creditors or parties in interest in both the Stougard and Aer-Ex cases, as evidenced by the Declarations of Christie Percy filed with the Court on March 1, 2007:

    a. Plan and Disclosure Statement;
    b. Notice of Conditional Approval of Disclosure Statement & Time to Object to Confirmation of the Plan;
    c. Notice of Hearing;
    d. Ballot for Accepting or Rejecting the Plan.

5. Each creditor or party in interest wishing to vote on the Plan was required to file its chapter 11 ballot no later than March 28, 2007.

6. A tabulation of the balloting and a balloting summary was filed with the Court in both the Stougard and Aer-Ex cases on April 3, 2007 and the results of the same are hereby incorporated by this reference.

7. The result of the balloting was that Classes 4.1, 5, 6, 10, 12, 13 and 14 unanimously accepted the Plan. Debbie Whalen was the only party to cast a ballot rejecting the Plan.

8. More than one impaired class of claims has accepted the Plan.

9. Debbie Whalen and the Internal Revenue Service objected to confirmation of the plan. The objection of the IRS has been resolved in the order confirming the Plan. The objection of Debbie Whalen to confirmation is hereby overruled because the Court finds the Plan to have been proposed in good faith.

10. The Plan complies in all respects with 11 USC 1123.

11. All required post-petition tax returns have been filed.

12. All administrative claimants have accepted the Debtor's proposed treatment of their claims.

13. The Debtors' Plan of Reorganization meets the following requirements:

FINDINGS OF FACT &
CONCLUSIONS OF LAW - 3 -

CARLSON BOYD & BAILEY PLLC
230 S.2ND ST., SUITE 202 - P.O. BOX 189
YAKIMA, WASHINGTON 98907
PHONE (509) 834-6611

06-02458-FLK11   Doc 172   Filed 06/08/07   Entered 06/11/07 10:47:15   Pg 3 of 6

a. The Plan complies with the applicable provisions of chapter 11;

b. The Debtors have complied with all applicable provisions of chapter 11;

c. The Plan has been proposed in good faith and not by any means forbidden by law;

d. Any payment made or to be made by the Debtors or persons acquiring property under the Plan for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, the Court as reasonable;

e. With respect to each impaired class of claims or interest, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan, on account of such claim or interest, property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of this title on such date. In this regard the Court specifically adopts the liquidation analysis prepared by the Debtor and attached by the Plan.

f. Each class of claims or interests has accepted the Plan;

g. Except as provided in the Plan, confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors or any successor to the Debtors under the Plan;

h. All fees payable under §1930 of Title 28 have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan;

i. The Internal Revenue Service has agreed to the Plan;

j. All holders of undisputed unpaid post-petition administrative claims have agreed to be paid in full and will be paid in full in accordance with the Plan;

FINDINGS OF FACT & CONCLUSIONS OF LAW - 4 -

CARLSON BOYD & BAILEY PLLC
230 S.2ND ST., SUITE 202 - P.O. BOX 189
YAKIMA, WASHINGTON 98907
PHONE (509) 834-6611

06-02458-FLK11    Doc 172    Filed 06/08/07    Entered 06/11/07 10:47:15    Pg 4 of 6

  k. Unsecured creditors will receive full payment of their allowed claims, including the payment of post-confirmation interest;

  l. The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests;

14. The Plan filed with the court and submitted to voting by the creditors complies with the requirements of the bankruptcy code and rules in that it separately designates classes of claims for all creditors, specifies any classes of claims or interests that are not impaired under the plan, and specifies the treatment of all classes of claims and interests that are impaired under the plan. The plan further specifies the same treatment of each claim or interest of a particular class.

15. The Declaration of Michael Stougard, together with the projections contained in the Plan outline a plan of repayment of the Debtors' creditors which the Court finds to be feasible.

16. Debtor's proposed amendments to the plan, contained in the order confirming the plan, do not adversely affect creditors and accordingly may be approved without further notice and should be approved.

17. Approval of the Plan is in the best interests of creditors and the Estates of Michael Stougard and Aer-Ex.

[Intentionally Left Blank]

FINDINGS OF FACT &
CONCLUSIONS OF LAW  - 5 -

CARLSON BOYD & BAILEY PLLC
230 S. 2ND ST., SUITE 202 - P.O. BOX 189
YAKIMA, WASHINGTON 98907
PHONE (509) 834-6611

06-02458-FLK11 Doc 172 Filed 06/08/07 Entered 06/11/07 10:47:15 Pg 5 of 6

Based on the foregoing FINDINGS OF FACT, the Court concludes as follows:

1. The Debtors' Plan complies in all respects with the applicable provisions of the United States Bankruptcy Code, and specifically 11 U.S.C. §1129.

2. The Debtors' Plan should be confirmed.

Presented By:

| CARLSON BOYD & BAILEY PLLC | BUCKNELL STEHLIK SATO & STUBNER, LLP |
|---|---|
| /s/ Roger W. Bailey | via telephonic approval 05/31/07 |
| Roger W. Bailey, WSBA # 26121 | Edwin K. Sato, WSBA # 13633 |
| Attorneys for Debtor Michael Stougard | Attorneys for Debtor Aer-Ex, Inc. |

X:\STOUGARD, M-20660\Bankruptcy-2006002\Pleadings\Disclosure Statement\Order Confirming Plan (Findings - FINAL - Whalen Language).doc

/s/ Frank L. Kurtz
Frank L. Kurtz
Bankruptcy Judge
06/08/2007 04:24:16 PM



FINDINGS OF FACT &
CONCLUSIONS OF LAW  - 6 -

CARLSON BOYD & BAILEY PLLC
230 S. 2ND ST., SUITE 202 - P.O. BOX 189
YAKIMA, WASHINGTON 98907
PHONE (509) 884-6611